**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRADY BENNETT,** | § | |
| **Plaintiffs,** | § | |
| **V.** | § | **A-25-CV-1294-RP** |
| | § | |
| **ALLSTATE INSURANCE COMPANY,** | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Defendant Allstate Insurance Company's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6) (Dkt. 7, Mot.), Plaintiff's Response (Dkt. 9, Resp.), and Defendant's Reply (Dkt. 12, Repl.) are before the court.[1] Having considered the parties' briefing, the applicable law, and determining that a hearing is not necessary, the undersigned submits the following to the District Judge.

## I. BACKGROUND

Brady Bennett asserts that Allstate Insurance Co. violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c), and its implementing regulation, 47 C.F.R. § 64.1200(c)(2), when its agents repeatedly made telemarketing calls to his cellular telephone after he registered the phone number on the Do Not Call Registry. Dkt. 6 (FAC). Allstate's motion to dismiss presents one issue—whether the Do Not Call rules apply to cellular phone numbers. Dkt. 7.

[1] United States District Judge Robert Pitman referred the motion to the undersigned for a report and recommendation on the merits pursuant to 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Order dated April 28, 2026.

## II. Standard of Review

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id.* First, although "a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an

entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

To the extent a complaint alleges claims sounding in fraud, Federal Rule of Civil Procedure 9(b) requires that plaintiffs go a step beyond the typical pleading standard: the underlying factual circumstances must be pleaded "with particularity." FED. R. CIV. P. 9(b). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs. v. J.M. Huber Corp*., 343 F.3d 719, 724 (5th Cir. 2003) (citing *Williams v. WMX Techs., Inc*., 112 F.3d 175, 179 (5th Cir. 1997)). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." While "particularity" varies with the circumstances of each case, Rule 9(b) generally requires specificity of the time, place, contents, and the identity of the person making false representations. *Benchmark Elecs., Inc.*, 343 F.3d at 724; *WMX Techs., Inc.*, 112 F.3d at 179 (requiring the "who, what, when, where, and how" of the alleged fraud be stated).

## III. ANALYSIS

Allstate argues Bennett's

> claim fails as a matter of law because his own allegations show that he was never called on a "residential" number, which is the only sort of number protected by the Do-Not-Call rules. *See* 47 U.S.C. § 227(c)(1) ("[T]he Commission shall initiate a rulemaking proceeding concerning the need to protect *residential* telephone subscribers' privacy rights[.]"); *see also Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 9779, 9785 (2008) ("[T]he National Do-Not-Call Registry applies to 'residential subscribers' and does not preclude calls to businesses."); 47 C.F.R. § 64.1200(c)(2) (prohibiting calls to "[a] *residential* telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.").

Mot. ¶ 6 (all emphasis in Mot.). Allstate recognizes that courts once widely assumed that wireless phones can qualify as "residential" for purposes of the TCPA but argues a recent line of authority has scrutinized those holdings and held otherwise. Mot. ¶ 7. The Fifth Circuit has not addressed this issue. *See Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2022 WL 562761, at *2 (N.D. Tex. Feb. 24, 2022) ("The court recognizes that there is a split among district courts over whether cellular telephone owners, as a matter of law, can be residential telephone subscribers.").

Section 227(c)(2) of the TCPA directs the Federal Communications Commission to promulgate regulations protecting consumers' privacy interests, and those regulations are codified at 47 C.F.R. § 64.1200. *See Callier v. Keeping Capital, LLC*, No. EP-21-CV-00011-DCG, 2021 WL 2742766, at *3–4 (W.D. Tex. Apr. 22, 2021). Relevant here, the regulations require telemarketers to maintain internal do-not-call procedures, including a written do-not-call policy available upon demand, training personnel on compliance, and identifying the caller and seller during telemarketing calls. 47 C.F.R. § 64.1200(d)(1), (2), (4). In addition, the regulations prohibit initiating a telephone solicitation to a residential telephone subscriber whose number is listed on the national do-not-call registry. 47 C.F.R. § 64.1200(c)(2). Section 227(c)(5) creates a private right of action for any person who receives more than one telephone call within a twelve-month period by or on behalf of the same entity in violation of these regulations. 47 U.S.C. § 227(c)(5).

With the prevalence of cell phones rising, the FCC expanded the protections of the TCPA in 2003 to cover users of cell phones, stating that "it is more consistent with the overall intent of the TCPA to allow wireless subscribers to benefit from the full range of TCPA protections." *In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14039 (2003). The FCC reasoned that Congress had already "afforded wireless subscribers particular protections in the context of autodialers and prerecorded calls" and had created the TCPA out of

concern for "the nuisance, expense and burden that telephone solicitations place on consumers." *Id*. Thus, the FCC concluded that where a person uses their cell phone as their residential phone, the person is entitled to the full protections of the TCPA. *Id*.

Recent courts considering similar claims under § 227(c) have found this section not to encompass cellular phones and have dismissed the claims, while other courts have determined a plaintiff must put forth evidence establishing that the cellular phone is used for residential purposes. *See Cunningham v. Sunshine Consulting Grp., LLC*, No. 3:16-CV-2921, 2018 WL 3496538, at *6 (M.D. Tenn. July 20, 2018) ("The private right of action created by 47 U.S.C. § 227(c)(5) provides for redress of violations of the regulations that concern residential telephone subscribers.... Plaintiff alleges only calls to his cellular phone. Accordingly, he fails to state a claim for relief under 47 U.S.C. § 227(c)(5) ...."); *Cunningham v. Politi*, No. 4:18-CV-0362, 2019 WL 2517085, at *4 (E.D. Tex. Apr. 30, 2019) ("The private right of action created by 47 U.S.C. § 227(c)(5) is accordingly limited to redress for violations of the regulations that concern residential telephone subscribers. Recent courts considering claims asserted by Plaintiff have found this not to encompass Plaintiff's cellular phones and have dismissed his claims.") (collecting cases). *But see Cunningham v. McDonald*, No. 3:15-CV-215, 2018 WL 6737418, at *2 (M.D. Tenn. Nov. 5, 2018) ("While a person utilizing a cellular phone may fall within the definition of a 'residential telephone subscriber' under the act, Plaintiff's pleadings allege only that calls were made to his cellular phone and he has pled no facts or offered evidence sufficient for the court to draw the conclusion that he has stated a cause of action under subsection (c)(5)."); *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 655 (W.D. Tenn. Feb. 4, 2020) ("Courts have interpreted the 'residential telephone subscriber' element to require proof that the number called was used for 'residential purposes.'"); *Cunningham v. Rapid Capital Funding, LLC/RCF*, No. 3:16-CV-2629,

2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017) ("While this Court has suggested that calls to a cell phone may be construed as calls to a residential telephone, the plaintiff must plead facts showing the cell phone is used for residential purposes.").

Although courts have differed on whether a cellular telephone qualifies as a "residential telephone" under § 64.1200(c), there is no binding precedent foreclosing such claims, and courts have held that a cellular number may qualify where the plaintiff alleges it is used for residential purposes. *See Guadian v. United Tax Defense LLC*, No. EP-23-CV-00349-KC, 2024 WL 140249, at *2–3 (W.D. Tex. Jan. 12, 2024); *Myrick v. Adapthealth, LLC*, No. 6:22-CV-00484-JDK, 2023 WL 5162396, at *2–3 (E.D. Tex. June 26, 2023), report and recommendation adopted, 2023 WL 4488848 (E.D. Tex. July 12, 2023). Consistent with FCC guidance extending TCPA protections to cellular phones, courts within this Circuit have concluded that such allegations are sufficient to state a claim under § 227(c)(5). *See Guadian*, 2024 WL 140249, at 3 (citing *In re Rules & Reguls. Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, 14039 (2003)).

Allstate argues this court should not follow those cases holding that, if adequate facts are pleaded, a cellular telephone line can be treated as a "residential" line. Allstate asserts that this would chill speech by making compliance impossible because there is no way for the caller to know whether the number at issue is used for residential or business purposes. But, by the same argument, there is no way for callers to know whether any phone number is actually used for residential or commercial purposes.

Allstate also argues that including cellular telephone numbers raises the potential for abuse of the TCPA statutes for business gain. Rep. ¶ 3. Allstate asserts that courts have made clear that the Do-Not-Call Registry was designed to protect residential privacy, not to serve as a tool for individuals using their numbers for the purpose of generating litigation. Rep. ¶ 3. Allstate argues

that Bennett "is a frequent litigant under the TCPA who routinely files lawsuits in the Western District (with the same or related counsel) concerning telemarketing calls[, which] is strong evidence that his number is used for purposes other than simple personal or household communications." Rep. ¶ 3 (citing *Barton v. LeadPoint, Inc.*, 2023 WL 4646103, at *1 (9th Cir. July 20, 2023) (affirming the lower court's granting of a motion to dismiss where the plaintiff's number was "not a residential phone number within the meaning of the TCPA," in part because the plaintiff used the same phone number in 11 other TCPA litigation filings in the same District)).

Here, Bennett alleges only the use of his cellular phone and has not pleaded that his cellular telephone is used for residential purposes. However, Bennett asserts relevant facts he could plead that would support an allegation that his cellular telephone is used for residential purposes. Resp. at 4-5. These include:

- At all relevant times, Plaintiff's telephone number ending in 5325 was used primarily for personal, family, and household purposes.
- Plaintiff uses this number as his personal residential contact number for communications with family, friends, medical providers, and household services.
- The number is not held out to the public for business purposes, is not used in connection with any business enterprise, and is paid for by Plaintiff for his personal use.
- Plaintiff registered this number on the National Do Not Call Registry to protect his residential privacy and to prevent unwanted telemarketing calls to his personal telephone.

Resp. at 4-5.

The court recognizes that there is a split among district courts over whether cellular telephone owners, as a matter of law, can be residential telephone subscribers. This is a split that will not be resolved until a case is appealed to the Fifth Circuit. Nonetheless, the court recommends the District Judge hold that Bennett can qualify as a residential telephone subscriber within the meaning of 47 C.F.R. §§ 64.1200(c) if he pleads that he received telephone calls and text messages

on a cellular telephone that was used for residential purposes. However, the court may reconsider this conclusion if developments in the law so warrant.

## IV. RECOMMENDATIONS

For the reasons given above, the undersigned **RECOMMENDS** the District Judge **DENY** Defendant Allstate Insurance Company's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6) (Dkt. 7) and grant Bennett leave to amend his Complaint to assert facts that his cellular phone is used for residential purposes.

## V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED July 22, 2026.

MARK LANE
UNITED STATES MAGISTRATE JUDGE